**Yolanda Leon SANCHEZ, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 06–71725.**

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 4, 2006.*

Filed Dec. 8, 2006.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Yolanda Leon Sanchez, Aliso Viejo, CA, pro se.

District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Le-Fevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Mark C. Walters, Esq., W. Manning Evans, U.S. Department of Justice Civil Division/Office of Immigration Lit., Washington, DC, for Respondent.

Before: GOODWIN, LEAVY, and FISHER, Circuit Judges.

### MEMORANDUM **

Yolanda Leon Sanchez, a native and citizen of Mexico, petitions pro se for review of the Board of Immigration Appeals' decision denying as untimely her motion to reopen proceedings to permit her to apply for protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252(a), and we review the denial of a motion to reopen for

** This disposition is not appropriate for publication and may not be cited to or by the

an abuse of discretion. *See Kamalthas v. INS,* 251 F.3d 1279, 1281 (9th Cir.2001). We deny the petition for review.

The motion to reopen, filed more than 90 days after the Board's final decision of May 18, 2005, was untimely under 8 C.F.R. § 1003.2(c)(2). Leon Sanchez contends that the 90–day time limit does not apply when an alien seeks CAT relief. This contention lacks merit because this exception to the time limit, set forth in 8 C.F.R. § 1208.18(b)(2), applies only to CAT applicants ordered removed before March 22, 1999. *See Khourassany v. INS,* 208 F.3d 1096, 1099 & n. 2 (9th Cir.2000).

Leon Sanchez also contends that the time limit should be excused because she has presented evidence of her prima facie eligibility for CAT relief. This contention lacks merit because her general evidence regarding torture in Mexico does not show that it is more likely than not that she in particular would be tortured if removed to Mexico. *See Kamalthas v. INS,* 251 F.3d 1279, 1284 (9th Cir.2001).

**PETITION FOR REVIEW DENIED.**

courts of this circuit except as provided by 9th Cir. R. 36–3.